UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:08-cv-00118

STAY-DRI CONTINENCE
MANAGEMENT SYSTEMS, LLC;
TED GOMOLL; GREG BIXBY; and
BRUCE SCOTT                                                                                              PLAINTIFFS

V.

GLEN HAIRE and TWIN RIVERS
TEXTILES, LLC.                                                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants Glen Haire ("Haire") and Twin Rivers Textiles, LLC ("Twin Rivers") to dismiss Plaintiffs' fifth, seventh, tenth, thirteenth, and fourteenth causes of action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. [DN 6]. For the following reasons, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

### I. FACTUAL ALLEGATIONS

Glen Haire owns and is the managing member of Twin Rivers. Compl. ¶ 9. Haire developed adult briefs that wirelessly transmit information to a computer in order to predict and manage incontinent events (the "Product"). Id. Plaintiffs allege that Haire contacted them at different times to develop and commercialize the Product. Id. ¶ 10. In December 2007, in an effort to further develop and market the Product, Bixby, Gomoll, Scott, and Defendants executed a pre-incorporation agreement ("Agreement"). Id. ¶ 11. Defendants

signed the Agreement in Kentucky and faxed the document to Plaintiffs. Scott Decl. ¶ 2; Bixby Decl. ¶ 2; Gomoll Decl. ¶ 3. Plaintiffs allege that they were all staying in Bixby's cabin in Placerville, California when they signed the Agreement. Id. The terms of the Agreement included forming a business entity in the State of Kentucky, but the parties later changed the state of incorporation to California. Compl. ¶¶ 12, 15. Bixby relocated from Michigan to reside in his cabin in Placerville. Id. ¶¶ 13.

Ultimately, negotations over the contents of the Sta-Dri Operating Agreement broke down. Defendants denied having consented to the formation of Stay-Dri, arguing that the pre-incorporation agreement was merely an "agreement to agree." Id. ¶ 17. Plaintiffs brought suit, alleging fourteen causes of action. [DN 1]. Defendants now move to dismiss the conspiracy (fifth, seventh, tenth, and thirteenth causes of action) and intentional interference with prospective economic advantage (fourteenth cause of action) claims. [DN 6].

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[ ], accept all well-pled factual allegations as true and determine whether plaintiff[ ] undoubtedly can prove no set of facts consistent with [her] allegations that would entitle [her] to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006)). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). A plaintiff must provide the grounds for her entitlement to relief and

this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. ----, 127 S.Ct. 1955, 1964-65 (2007); Bredesen, 500 F.3d at 527. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." Bredesen, 500 F.3d at 527 (citing Twombly, 127 S.Ct. at 1965). In other words, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." Id.

### III. DISCUSSION

The Court considers Defendants' 12(b)(6) motion to dismiss the civil conspiracy and intentional interference with prospective economic relations claims in turn.

A. Civil Conspiracy

Defendants contend that the Plaintiffs' conspiracy claims are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) because "[civil conspiracy] is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 869 P.2d 454, 457 (Cal. 1994) (quoting Wyatt v. Union Mortgage Co., 598 P.2d 45, 51 (Cal. 1979)). Plaintiffs do not disagree with this statement of the law. Therefore, to the extent the Defendants' motion seeks to dismiss Counts 5, 7, 10, and 13 as separate causes of action, it is granted. However, the allegations contained in those counts serve to give notice to the Defendants that the Plaintiffs' attempt to impose liability upon them may rest, at least in part, on the legal

3

doctrine of civil conspiracy.

### B. Intentional Interference with Prospective Economic Advantage

Defendants next contend that Plaintiffs' fourteenth cause of action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Generally, plaintiffs sufficiently plead the intentional interference with prospective economic advantage tort where they allege: (1) an economic relationship between the plaintiff and third party containing the probability of future economic benefit to the plaintiff; (2) knowledge by the defendant of the existence of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages to the plaintiff proximately caused by the acts of the defendant. See, e.g., Della Penna v. Toyota Motor Sales, USA, Inc., 902 P.2d 740, 748 (Cal. 1995). In California, however, plaintiffs must also allege that the defendant's conduct under element three was "wrongful by some legal measure other than . . . the interference itself." Id. at 751. An act is "independently wrongful" if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard. See Sole Energy Co. v. Petrominerals Corp., 26 Cal. Rptr. 3d 798, 820 (Cal. Ct. App. 2005). Defendants contend that Plaintiffs' Complaint fails to sufficiently plead this last requirement. The Court agrees.

The Complaint alleges that Defendants "conducted themselves in the manner set forth in paragraphs 10 through 18, 20 through 23, 26 through 29, 32, 51 through 54, and 78 through 85" with the intent to disrupt Plaintiffs' economic relationship with McKesson. See Compl. ¶ 88. Plaintiffs argue that these paragraphs contain "various allegations" of wrongful

conduct and therefore sufficiently "put Defendants on notice as to exactly what wrongful acts they are defending in the claim for intentional interference." [DN 16, p. 2].  The Court finds Plaintiffs' argument unpersuasive.

None of the "various allegations" allege conduct which is independently wrongful for purposes of the intentional interference tort.  The conduct is simply Defendants' failure to perform the putative contract. See Compl. ¶¶ 10-18, 20-23, 26-29, 32, 51-54, 78-85; Applied Equipment at 515-517; Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co., 54 Cal.Rptr.2d 888, 896 (Cal. Ct. App. 1996) ("A contracting party's unjustified failure or refusal to perform is a breach of contract, and cannot be transmuted into tort liability by claiming that the breach detrimentally affected the promisee's business.").  Paragraph 18 of the Complaint alleges that the Defendants repudiated the agreement for the purpose of absconding with the financial projections and marketing data which the Plaintiffs had prepared.  However, an act is not independently wrongful merely because a defendant acted with an improper motive. Korea Supply Co. v. Lockheed Martin Corp., 63 P.3d 937, 953 (Cal. Ct. App. 2003).

Accordingly, Plaintiffs' fourteenth cause of action fails to state a claim for which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

cc: Counsel of Record